**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN MICHAEL YARBROUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.  3:25-cv-5069-MDH** |
| | ) | |
| | ) | |
| **JEANNE BROCKMAN,** Records Officer | ) | |
| **CHIEF DON MELTON,** Police Chief | ) | |
| **OFFICER TYLER WINTERS,** | ) | |
| Transporting Officer | ) | |
| **OFFICER ADAM MORRIS (#427),** | ) | |
| Arresting Officer | ) | |
| **OFFICER WATTS,** Transporting Officer | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

In the present case, Mr. Yarbrough filed for leave to proceed in forma pauperis, which the Court granted. (Doc. 3). His Notice of Removal listed 6 cases where he was the defendant in municipal court that were subject to removal. The claims against him range from expired plates and operating a vehicle without maintaining financial responsibility, to resisting arrest. Notably, no claim in that court arose under federal law or met diversity jurisdiction. As a basis for removal he cited Constitutional claims, civil rights violations, and federal statutes. Attached to his Notice of Removal was a Statement of Claim bringing claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, along with 18 U.S.C. §§ 241 and 242 and constitutional claims under the 1st, 4th, 5th, 6th, and 14th Amendments. Construing the *pro se* party's pleadings liberally, and alleging federal violations, the Court granted him leave to file in forma pauperis. Mr. Yarbrough later filed an amended complaint containing 7 claims:

1

Count I – Fourth Amendment (Unlawful Seizure); Count II – Fourteenth Amendment (Due Process); Count III – Civil Rights Violation (42 U.S.C. § 1983); Count IV – Civil Rights Conspiracy (42 U.S.C. § 1985); Count V – Failure to Prevent Violations (42 U.S.C. § 1986); Count VI – Obstruction of Justice and Fraud Upon the Court; Count VII – Denial of Access to Public Records

(Doc. 11).

Upon further review of the entire record, the Court finds that removal was improper and it lacks subject matter jurisdiction over this case.

Generally, "[a] civil case commenced in state court may ... be removed by the defendant to federal district court, if the case could have been brought there originally." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 134, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (citing 28 U.S.C. § 1441)). In Mr. Yarbrough's Statement of Claim he alleged constitutional violations and violations of federal statutes and the Court allowed him to proceed with filing.

But 28 U.S.C. § 1447(c) requires the federal district court to remand the case to state court if the federal court lacks jurisdiction. *Id.* (citing 28 U.S.C. § 1447(c)). Federal courts must remand if jurisdiction is lacking at any time. 28 U.S.C. § 1447(c).

Upon a full review of the record and the records for the municipal court cases that were removed, the Court finds it lacks subject matter jurisdiction because those cases do not arise under federal law or satisfy diversity jurisdiction. While Plaintiff's Statement of Claim alleged federal violations, the cases he was removing did not fall under federal jurisdiction and thus removal was improper. See *State of Missouri v. Popson*, No. 4:20-CV-06161-SJ-FJG, 2021 WL 5546461, at *4 (W.D. Mo. Apr. 19, 2021)("When a complaint asserts only state-law claims, the case cannot be

2

removed to federal court based on either a counterclaim or an anticipated defense that arises under federal law.").

If Plaintiff wishes to file his claims against the parties listed, he may do so in a separate federal case after he fully exhausts his state remedies. As for this action, his removal of the municipal cases was improper, and the case must be remanded. This Court does not have jurisdiction over those cases and claims.

### **CONCLUSION**

The Court finds that it lacks subject matter jurisdiction over this matter. It is **ORDERED** that this case is hereby **REMANDED** to the Municipal Court of Webb City.

**IT IS SO ORDERED.**

Date: March 26, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

3